**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-23847-CV-WILLIAMS**

YASMANY GARCIA RUIZ,

Petitioner,

v.

CHARLES PARRA, ASSISTANT
FIELD OFFICE DIRECTOR,

Respondent.
_________________________________________/

# ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Yasmany Garcia Ruiz ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention by immigration officials. (*Id.* at 6–7.) As relief, Petitioner seeks an Order from the Court requiring immigration officials to immediately release him from custody. (*Id.* at 7.) For the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice** to refile a new § 2241 petition at a later date.[1]

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba who was paroled into the United States on April 19, 2019. (DE 8 at 2 citing (DE 8-1, Ex. A at 1–2)); *see also* (DE 8-3, Ex. G at 2 ¶ 7.)

[1] *See* page 6.

Between October 2016 and November 2019, Petitioner was convicted on multiple occasions for violating Florida law. (DE 8 at 2 citing (DE 8-2, Ex. B at 1–13; DE 8-3, Ex. C at 2 ¶¶ 7–8).)

On February 18, 2020, Petitioner filed a new application to adjust status and an application for travel document with immigration officials. (*Id.* at 3 citing (DE 8-3, Ex. C at 3 ¶ 14).) On November 20, 2020, after he was granted permission to travel, Petitioner departed the United States. (*Id.* at 3 citing (DE 8-3, Ex. C at 3 ¶¶ 15–16).) A week later, on November 27, 2020, Petitioner applied for admission at the Miami International Airport ("***MIA***"), presenting an advance parole document. (*Id.* at 3 citing (DE 8-3, Ex. C at 3 ¶ 17).) Although admission was refused, Petitioner was paroled into the United States until November 28, 2021 and removal proceedings commenced. (*Id.* at 3 citing (DE 8-3, Ex. C at 3 ¶¶ 17–18).) On July 22, 2021, after Petitioner's application to adjust his status was denied; and, as a result, his parole expired on November 28, 2021. (*Id.* citing (DE 8-3, Ex. C at 3 ¶¶ 19–20).)

On June 18, 2025, Petitioner was convicted for three counts of grand theft and sentenced to a total of eighteen (18) months in prison in *State of Florida v. Garcia-Ruiz*, No. 24-CF-018208 (20th Jud. Cir.) (the "***2024 Criminal Case***"). (DE 8 at 3 citing (DE 8-5, Ex. E; DE 8-3, Ex. C at 3 ¶¶ 22–23).)

On October 24, 2025, after being served with a warrant for arrest of alien, Petitioner was taken into ICE custody. (*Id.* citing (DE 8-6, Ex. F at 1; DE 8-6, Ex. G at 1; DE 8-6, Ex. C at 3 ¶ 24).) On November 4, 2025, the Department of Homeland Security ("***DHS***") issued a notice to appear ("***NTA***") and commenced removal proceedings. (*Id.* citing (DE 8-8, Ex. H at 1).) On December 17, 2025, a superseding NTA was filed charging

Petitioner with removability as an arriving alien based on Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("***INA***") because he was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document and did not possess a valid unexpired passport, or other suitable travel document or document of identity and nationality. (*Id.* citing (DE 8-9, Ex. I at 1–4).)

On March 9, 2026, after Petitioner filed his first § 2241 petition, *Ruiz v. Warden, Krome North Service Center*, No. 1:26-cv-21373-DSL (S.D. Fla. 2026) ("***Ruiz I***"), the Court entered an Order directing Respondent to provide Petitioner with an individualized bond hearing.

On March 16, 2026, the immigration judge ("***IJ***") complied with the Court's Order, holding a custody redetermination hearing. (*Id.* at 4 citing (DE 8-10, Ex. J at 1–2).) At that time, although Petitioner withdrew his bond request, the IJ found Petitioner had not provided any evidence to show he is not a danger or a flight risk. (*Id.* citing (DE 8-10, Ex. K at 1–2).)

On May 1, 2026, an Order was entered by the IJ who found Petitioner removable and ordered him removed to Cuba. (*Id.* at 4 citing (DE 8-10, Ex. K at 1–4; DE 8–3, Ex. C at 4 at ¶ 31).)

Petitioner has remained in immigration custody since October 24, 2025. (DE 1; DE 8 at 3.) On May 27, 2026, Petitioner filed the Petition presently before the Court for consideration. (DE 1 at 10.)

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention."

*Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner claims his prolonged detention is unlawful. (1). Respondents argue that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature. (*Id.*) The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Further, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

Under In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 590–99. Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 700-01. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of

time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701). "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052. "This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*" *Akinwale*, 287 F.3d at 1052. Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final on **May 1, 2026**. *See* 8 U.S.C. § 1231(a). Petitioner has remained in immigration custody since **October 24, 2025**. On **May 27, 2026**, the Petition was filed. Because Petitioner was inside the six-month presumptive reasonable removal period at the time he filed the Petition, his continued detention is presumptively reasonable. Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.* The *Zadvydas* period ***must*** have expired **at the time** he filed the Petition, and not at the time a habeas petition is ruled on by the Court. *See*

*Akinwale*, 287 F.3d at 1051. Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[2]

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 petition on or after **November 2, 2026** (six months after the removal order became final) seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1050.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature. If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.

2. The Court's Order (DE 4) prohibiting Petitioner's removal or transfer from the Southern District of Florida is **LIFTED**.

3. All pending motions not otherwise ruled upon are **DENIED as moot.**

4. The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 14th day of August, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

[2] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

**Copies furnished to:**

**Yasmany Garcia Ruiz, *Pro Se***
Alien #208156518
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
(Address of Record, See DE 13)

**Yasmany Garcia Ruiz, *Pro Se***
Alien #208156518
Stewart Detention Center
Inmate Mail/Parcels
146 CCA Road
Lumpkin, GA 31815
(Temporary Address, *See* DE 9)

**Payton William Henry Poliakoff, AUSA**
United States Attorney's Office
Southern District of Florida
James Lawrence King Federal Building
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Email: payton.poliakoff@usdoj.gov